UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 AUG 11  P 3: 18

| | |
|---|---|
| Kevin J. Mercer, # SK5234, | ) C/A No. 9:05-2075-RBH-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lee Correctional Institution, | ) |
| Defendant. | ) |

# Background of this Case

The plaintiff is a pre-trial detainee at the Lee Correctional Institution in Bishopville, South Carolina. In the above-captioned case, the plaintiff originally submitted a pleading in letter form. In an order filed in this case on July 28, 2005, the undersigned directed the plaintiff to submit an amended complaint on the court-approved section 1983 form and to submit the items needed to render this case into "proper form." The order of July 28, 2005, is quoted herein:



> A pleading in letter form has been submitted to the Office of the Clerk of Court. The pleading in letter form presents a "case or controversy" as a civil rights action. The Clerk of Court may file the pleading in letter form as of the date it is received for docketing, and may docket the pleading in letter form as the complaint.

1

When docketing this case, the Office of the Clerk of Court should enter as parties the persons whose names appear in the caption of this order.

As a civil rights action, the above-captioned case is not in "proper form." Under the General Order signed on June 4, 1997, the undersigned is giving the plaintiff *twenty (20) days* from the date this order is entered (plus three days for mail time pursuant to FRCP 6(e)) to:

1) Submit an amended complaint on the court-approved Section 1983 form. **If the plaintiff wishes to sue additional defendants in this case, he must list them on the "caption" lines of the complaint below the listing for the Lee Correctional Institution.**

2) Complete and sign a separate Form USM-285 for each defendant listed in the above-captioned matter. Only one defendant's name should appear on each form. Blank forms are attached for the plaintiff's use. The plaintiff's name and address should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and the plaintiff should sign where the form requests "Signature of Attorney or other Originator . . . ." The plaintiff must provide the particular defendant's complete address on each individual form.

3) Complete one summons which lists every defendant listed in the above-captioned matter, <u>**or**</u> complete a separate summons form for each defendant sued. The plaintiff is required to provide a full address where each defendant can be served. The plaintiff's name and address should be printed in the section for "PLAINTIFF'S ATTORNEY (name and address)" on the summons. Blank forms are attached for the plaintiff's use.

4) Complete and sign the enclosed Statement of Assets.



**The plaintiff must place the civil action number (Civil Action No. 9:05-2075-RBH-GCK) listed above, on any document he submits to this Court pursuant to this order. In the meantime, no process shall issue until the completed summons(es), Form(s) USM-285, and Statement of Assets have been reviewed by the undersigned.**

An order dismissing a case for failure to provide the court with the foregoing cannot be entered by a magistrate judge in a civil action because a magistrate judge is not an "Article III" judge. Hence, if the plaintiff fails to provide to the Clerk of Court, the items listed above, within the period prescribed in this order, the Office of the Clerk of Court shall forward the file in the above-captioned case to the United States District Judge or Senior United States District Judge assigned to this case for a final order. If, however, the plaintiff provides this Court with the items listed

above, the Office of the Clerk of Court should forward the file to the Magistrate Judge to determine if service of process should be authorized. The Clerk of Court shall *not* notify the South Carolina Department of Corrections to "dock" the plaintiff's trust account at this time.

The plaintiff is a *pro se* litigant. His attention is directed to the following important notice:

**TO THE PLAINTIFF**:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this Court. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The plaintiff is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address (or his new address if he is released from jail or prison). Hence, the Office of the Clerk of Court shall not enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff (unless, of course, that person is an attorney admitted to practice before this court who has entered a formal appearance).



(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina). For the plaintiff's future reference, if the plaintiff wants copies (of items that he files with the Office of the Clerk of Court) returned to him, he (the plaintiff) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope. **In all future filings with this court, the plaintiff is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper**. The plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted.

(Order of July 28, 2005, at pages 1-5 [footnotes omitted from quotation]).[1]

On August 3, 2005, the plaintiff submitted the amended complaint. As earlier stated, the order of July 28, 2005, apprised the plaintiff that, if he wished to add additional defendants, he must list them in the caption of the amended complaint. No additional defendants were listed in the amended complaint.

In the amended complaint, the plaintiff indicates that his grievance is pending and that he has not received a final answer or determination on his grievance. The "STATEMENT OF CLAIM" portion of the amended complaint reveals that this civil rights action concerns various issues at the Lee Correctional Institution: (1) the plaintiff is not receiving 2000 calories a day in his food; (2) the plaintiff is in the shower when correctional officers spray pepper spray on another inmate in the shower; (3) the plaintiff has received death threats from other inmates; (4) a correctional officer went into the plaintiff's cell and "stole" the plaintiff's radio, magazines, soap, and envelopes and gave them to someone else in the SMU building; (5) in November of 2004, officer Durrant failed to give the plaintiff his food tray; (6)

---

[1]Although this quotation appears in eleven-point font in this Report and Recommendation to save space, the quoted language actually appeared in 14.4 font in the order of July 28, 2005.

Nurse Owens has failed to prescribe "pain pills" for the plaintiff's pain; and (7) Nurse Owens told the plaintiff that he (the plaintiff) needed to be an SCDC inmate for the SCDC to help him medically.

In his prayer for relief, the plaintiff seeks: (1) $900,000 in damages for pain and suffering; (2) $900,000 for complete punishment; (3) $600,000 for mental and physical damages; (4) an order directing that the plaintiff be moved from the Lee Correctional Institution "to a place of help, for my mental and Physical abuse [—] Either Bull Street hospital or Just Care Center or Bryant [sic] Center . . . or a different county immediately[;]"[2] and (5) a speedy trial.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the

---

[2]The plaintiff is obviously referring to the G. Werber Bryan Psychiatric Hospital, which is residential mental health facility operated by the South Carolina Department of Mental Health and is located off Farrow Road in northern Richland County.

following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[3] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se*



---

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

As earlier stated, the order of July 28, 2005, apprised the plaintiff that, if he wished to add additional defendants, he must list them in the caption of the amended complaint. No additional defendants were listed in the amended complaint.[4] As noted in footnote 1, supra, the order of July 28, 2005, originally appeared in 14.4 font:



> 1) Submit an amended complaint on the court-approved Section 1983 form. **If the plaintiff wishes to sue additional defendants in this case, he must list them on the "caption" lines of the complaint below the listing for the Lee Correctional Institution.**

---

[4]Although the plaintiff prepared Forms USM-285 for persons other than the defendant in the above-captioned case, the Form USM-285 is a document used by the United States Marshals Service when serving civil pleadings.

(Order of July 28, 2005, at page 2).

The paragraph apprising the plaintiff that additional defendants must be listed in the caption was conspicuous because of the font sized used and the presence of bold face font.  See Taliaferro v. Associates Corp. of North America, 112 F.Supp.2d 483, 1999 U.S.Dist. LEXIS® 22504 (D.S.C. 1999)(courts may use Uniform Commercial Code definition of conspicuous in determining whether a document at issue is conspicuous), *affirmed*, 229 F.3d 1144, 2000 U.S.App. LEXIS® 19953, 2000 WESTLAW®1144601 (4th Cir., August 14, 2000)(discussing what constitutes "conspicuous" under the Uniform Commercial Code); and Jones v. General Electric Co., 331 S.C. 351, 362, 503 S.E.2d 173, 179, 1998 S.C.App. LEXIS® 69 (S.C.Ct.App. 1998)("Therefore, we must look to other areas of the law for a meaningful definition" of conspicuous because the Supreme Court of South Carolina "did not define conspicuous"), which is cited by the Honorable Patrick Michael Duffy, United States District Judge, in Taliaferro, supra.  In Jones v. General Electric Co., the Court of Appeals of South Carolina relied on South Carolina's version of the Uniform Commercial Code, which indicated that a term or clause is conspicuous when it is printed in capital letters, is in larger type, or is in contrasting type or color.  503 S.E.2d at 179-180.



Since the Lee Correctional Institution is the only defendant listed in the caption of the amended complaint, the Lee Correctional Institution is the sole defendant in this case.

The Lee Correctional Institution is a group of buildings or a facility. Inanimate objects -- such as buildings, facilities, and grounds -- do not act under color of state law. Hence, the Lee Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Cf. Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Moreover, this case is subject to summary dismissal because the plaintiff's answers on page 2 of the complaint reveal that his grievance is pending. See 42 U.S.C. § 1997e(a), which was enacted as part of the

Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005).

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C.,

May 9, 1996). Furthermore, summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will prevent the plaintiff from needlessly incurring a nondischargeable debt of $250 to the United States. See Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice. In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2. See also Smith v. Urban, 928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996). The plaintiff has filed a Step 1 grievance, but has not received a decision on his grievance. If there is a decision on his grievance and if the plaintiff is dissatisfied with the results of his Step 1 grievance, he can file an appeal. Such an appeal would be Step 2 of the SCDC grievance procedure.

Even if SCDC fails to respond to the plaintiff's Step 1 grievance and, as a result, leaves the plaintiff with no decision to appeal to Step 2, the plaintiff must still refrain from filing suit in federal court until all time periods for both steps to be completed have expired. Once the full period for prison

responses has run without the issuance of any response, it is generally held that the inmate has substantially complied with the § 1997e exhaustion requirement. *See, e.g.*, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996, 2004 U.S.App. LEXIS® 18903 (6th Cir. 2004)("Following the lead of the . . . other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), *cert. denied*, 73 U.S.L.W. 3555, 161 L.Ed.2d 477, 125 S.Ct. 1639, 2005 U.S. LEXIS® 2458 (2005); Jernigan v. Stuchell, 304 F.3d 1030, 1032, 2002 U.S.App. LEXIS® 19144 (10th Cir. 2002)("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); Lewis v. Washington, 300 F.3d 829, 833, 2002 U.S.App. LEXIS® 16388 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698, 2001 U.S.App. LEXIS® 18707 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); and Underwood v. Wilson, 151 F.3d 292, 295, 1998 U.S.App. LEXIS® 18884 (5th



Cir. 1998)(holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), *cert. denied*, 526 U.S. 1133, 1999 U.S. LEXIS® 3500 (1999). Under such circumstances, an inmate who files a Step 1 grievance but receives no response thereto must wait at least 110 days (approximately four (4) months) from the time he or she files a Step 1 grievance before it may be said that he or she has exhausted "such administrative remedies as are available."[5] 42 U.S.C. § 1997e(a).

Insofar as the plaintiff is challenging matters pertaining to his pending criminal case, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994). Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See,*



---

[5]It appears that as long as the inmate waits the full 110 days established for the running of the entire process through Step 2, he or she may then file suit in federal court even though he or she has not formally completed Step 2. This is true because the SCDC policy states, in pertinent part, "[i]f, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal." § 14(e) of the SCDC policy. *See* Boyd; Jernigan; Lewis; Foulk; and Underwood. The 110-day period is determined by giving the maximum amount of time provided in the SCDC policy for each step in the process and assuming that no extensions of time are sought and the SCDC fails to timely respond to the Step 1 grievance within the forty-five (45) days allowed or fails to request a specific continuance of the established time to respond by SCDC officials at any point during the process.

e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[6] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), cert. denied, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(en banc), cert. denied, 424 U.S. 946 (1976).

---

[6]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. See Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, Taylor is not the law in Texas."), affirming Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

This federal court cannot grant the plaintiff a "speedy trial." The Federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. See, e.g., United States v. James, 861 F. Supp. 151, 1994 U.S.Dist. LEXIS® 11910 (D.D.C. 1994). Hence, the Federal Speedy Trial Act provides no basis for relief in the above-captioned case.

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948. See In Re Oliver, 333 U.S. 257, 273 (1948). Even so, in light of the fact that the plaintiff's criminal case is still pending and, as a result the plaintiff has not exhausted his state judicial remedies, it is unnecessary for this federal court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972).



## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service

of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                Respectfully submitted,

Charleston, South Carolina  
August __, 2005

                George C. Kosko  
                United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger de novo review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
